# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

LINWOOD ROSE, )
)
    Petitioner, )
)
) Case No. CV411-206
)
AL ST. LAWRENCE, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

Linwood Rose, currently held at the Chatham County Detention Center for failure to pay child support, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) The Court **GRANTS** him leave to proceed *in forma pauperis* (*see* doc. 3 (application to proceed *in forma pauperis*)), but his case must be **DISMISSED** since he has failed to satisfy the common law exhaustion requirement for § 2241 claims.

"The exhaustion doctrine is a judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a 'swift and imperative remedy in all cases of illegal restraint or confinement.'" *Braden v. 30th*

*Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 490 (1973). While the § 2241 statute does not contain an exhaustion requirement resembling that found in 28 U.S.C. § 2254, courts have adopted such a requirement for § 2241 petitions. *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies.") (Tjoflat, concurring); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). "[T]he [common law exhaustion] requirement was codified in 28 U.S.C. §2254(b), but the requirement applies to all habeas corpus actions." *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1974); *Moore v. DeYoung*, 515 F.2d 437, 442 (3d Cir. 1975) (finding that under principles of federalism, exhaustion is required before pretrial writ can be issued); *see Wilson v. Hickman*, 85 F. Supp. 2d 1378, 1380 (N.D. Ga. 2000).

A § 2241 petitioner, then, "must exhaust his state remedies by petitioning the highest court in the state in which he is being held 'when such review is part of the ordinary appellate review procedure' in that jurisdiction." *Jackson v. Walker*, 206 F. App'x 967, 968 (11th Cir. 2006)

(quoting *Pope v. Rich*, 358 F.3d 852, 853 (11th Cir. 2004)). And "[b]ecause ordinary appellate procedure in Georgia authorizes habeas review in the Georgia Supreme Court, a petitioner must avail himself of that procedure before we will deem all state remedies to be exhausted." *Id.*

Here, Rose argues that the state has denied him the ability to exhaust his claim by rejecting his state habeas petition for arbitrary and capricious reasons. (Doc. 1 at 1.) Specifically, the state superior court clerk refused to accept for filing his state habeas petition, which according to Rose made state court remedies unavailable and should thus allow him to side-step exhaustion. (*Id.* at 2.) Rose, however, has blatantly mischaracterized the state's return of his habeas petition. He *did not* properly file it, as his attached exhibit shows. The state superior court clerk returned the petition based upon five procedural defects: Rose (1) submitted a copy rather than an original pleading; (2) failed to attach the case initiation form; (3) failed to attach Superior Court Form 3.2; (4) failed to attach a summons; and (5) failed to attach a sheriff's service form. (*Id.* at 6.) The clerk included all of the required forms so that Rose could re-file his petition properly. Rose, however, chose not to do

so. Instead, he ran to federal court.[1] He may not do so until he has properly filed *and* exhausted a state habeas action.

Because this Court lacks the authority under § 2241 to review the constitutionality of Rose's confinement prior to the exhaustion of his state court remedies, the petition should be **DISMISSED** without prejudice. Accordingly, Jackson's habeas petition should be **DISMISSED**. Additionally, applying the Certificate of Appealability ("COA") standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see*

---

[1] Rose cites to *Martin v. St. Lawrence*, CV411-184 (S.D. Ga. July 19, 2011), as support for his claim that exhaustion is unnecessary. The Chatham County Superior Court Clerk refused to accept Martin's habeas petition for essentially the same reasons Rose's was rejected. Like Rose, Martin received a notice stating that he failed to supply several forms. *Id.*, doc. 5-1 at 3. Martin refused to file the forms. Instead, he sought federal habeas relief. When the undersigned pointed out that he failed to exhaust his administrative remedies, he argued in his objections that the forms were unnecessary under applicable Georgia statutes and the court's filing rules were designed to delay and frustrate habeas relief. *Id.*, doc. 5 at 5.

This Court regularly reviews state habeas cases originating from the Chatham County Superior Court that detainees and prisoners manage to properly file and exhaust. Until now, the Court has *never* faced a claim that the state court's clerk obstructs habeas filings. The clerk's return form, which Martin has attached as an exhibit, doesn't come close to showing any form of obstruction. The clerk promptly returned the petition along with the required forms and advised Martin how to file his case properly. Martin, however, refused to comply because he disagreed with the clerk's assessment of his initial filing. There is no obstruction here. Mr. Martin, like Mr. Rose, simply chose not to file a state habeas petition in compliance with the state court's rules.

*Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this __22nd__ day of August, 2011.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA